**\*E-Filed 6/15/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IBEW LOCAL 595 HEALTH & WELFARE TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GIVENS ELECTRIC, INC.,<br><br>    Defendant._____ / | No. C 09-06076 RS<br><br>**ORDER RE ENTRY OF DEFAULT** |

## I.  BACKGROUND

Plaintiffs IBEW Local 595 Health & Welfare Trust Fund; IBEW Local 595 Pension Trust Fund; IBEW Local 595 Vacation Fund; IBEW Local 595 Apprentice & Training Fund; Electrical Contractors Trust; Contractors Administration Fund; Labor Management Cooperation Fund; Alameda County Electrical Industry Service Corporation; Victor Uno; and Don Campbell filed suit to collect contributions allegedly owed by defendant Givens Electric, Inc. (Givens) pursuant to a collective bargaining agreement.  On January 12, 2010, plaintiffs served Givens with the summons and complaint in this action by substituted service.  *See* Docket No. 4.  Pursuant to Federal Rule of Civil Procedure 12(a), Givens was required to answer the complaint or file a Rule 12 motion within 21 days, *i.e.*, by February 2, 2010.  It has not, however, answered or otherwise made any appearance in the case to date.  On March 2, 2010, plaintiffs filed a first amended complaint (FAC) and

1 subsequently filed a motion for entry of default on February 16, 2011. The motion was denied and
2 plaintiffs presently supplement their request.

## II. DISCUSSION

With respect to the FAC, defendants have not served the summons and complaint on Givens pursuant to Federal Rule of Civil Procedure 4 nor have they attempted service even under the general procedures of Rule 5(b). Nonetheless, plaintiffs contend that the Rules permit entry of default in this case. Pursuant to Federal Rule of Civil Procedure 5(a)(2): "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."

According to plaintiffs, "in default" does not mean that the court has already entered default, but merely requires that the defendant has not made an appearance in the case. In plaintiffs' view, Givens was "in default for failing to appear" at the time they filed their FAC. Furthermore, the FAC states the same two claims present in the original complaint: (1) failure to make benefit contributions pursuant to 29 U.S.C. §§ 1132, 1145; and (2) breach of a subscription agreement requiring fringe benefit contributions for non-collectively bargained employees. Therefore, plaintiffs argue that, under Rule 5(a)(2), they need not serve the FAC and their failure to do so does not bar entry of default.

In instances where an amended complaint contains a new claim, courts have held that the applicability of Rule 5(a)(2) does not hinge on whether the court has actually adjudicated a party as being "in default" or not. *See*, *e.g.*, No. C 09-01589 CW (DMR), *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, 2010 U.S. Dist. LEXIS 59095, at *11 (N.D. Cal. June 2, 2010); *Varnes v. Glass Bottle Blowers Asso.*, 674 F.2d 1365, 1367-68 (11th Cir. 1982) (voiding default judgment for failure to effect personal service even though amended complaint was served by mail prior to clerk's entry of default). In either case, personal service is warranted in part to ensure that a defendant truly received notice of all claims raised against it. In other words, the absence of an actual entry of default will not relieve the plaintiff of its obligation to serve the new complaint pursuant to Rule 4 in order to make it the operative complaint.

With respect to their FAC, plaintiffs advance an interpretation of Rule 5(a)(2) that would permit it to become the operative complaint without ever serving it on Givens in any fashion. Although Rule 5(a)(2) expressly refers to service of pleadings with new claims, the inference that a plaintiff may otherwise bring a new complaint without serving it does not follow. Instead, the Rule simply does not address the situation where a plaintiff seeks entry of default on a complaint with new factual allegations instead of new "claims." On entry of default, all factual allegations in the complaint are generally taken as true, except for those related to damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, allowing entry of default on an amended complaint that was never served would contravene the objectives embodied by Rules 4 and 5(a)(2) that a defendant receive notice. Plaintiffs, however, are entitled to entry of default on their original complaint based on Givens' failure to respond to that pleading. Moreover, plaintiffs contend that the allegations in their FAC differ from the original only in that they seek lesser damages for a shorter period of time. As plaintiffs may not rely on any allegations with respect to damages in either complaint as admitted, the difference between the two complaints in this instance should be immaterial.

### III. CONCLUSION

The Clerk of Court shall enter default based on plaintiffs' original complaint. Should plaintiffs subsequently move for entry of default judgment, they shall serve their motion and filings in support thereof on Givens in any manner permitted by Rule 5(b), including mailing to its last known address.

IT IS SO ORDERED.

Dated: 6/15/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Givens Electric, Inc.**
Terrell Givens
2428 Research Drive
Livermore, CA 94550

DATED:  6/15/11

                                /s/ Chambers Staff
                                Chambers of Judge Richard Seeborg